# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

RAMONA SPENCER, Individually, and
RAMONA SPENCER, as Mother,
Natural Guardian and Next Best Friend
of L.C., D.S., S.S., J.S. and K.S.,

    Plaintiffs,

vs.

LAURA PALUMBO,

    Defendant.

No. 12-CV-119-LRR

**ORDER**

_____

## TABLE OF CONTENTS

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.  PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III. SUBJECT MATTER JURISDICTION* . . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.  STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*V.   FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*VI.  ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

    *A.   Abstention* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        1.    Parties' arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        2.    Applicable law . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
        3.    Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*
    *B.   Qualified Immunity* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        1.    Parties' arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        2.    Applicable law . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
        3.    Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

*VII. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

# I. INTRODUCTION

The matter before the court is Defendant Laura Palumbo's "Motion to Dismiss" ("Motion") (docket no. 6).

# II. PROCEDURAL HISTORY

On October 18, 2012, Plaintiffs Ramona Spencer, L.C., D.S., S.S., J.S. and K.S. (collectively, "Plaintiffs") filed a Petition ("Complaint") (docket no. 3) in the District Court for Linn County, Iowa, Case No. LACV76931. In the Complaint, Plaintiffs allege that Palumbo violated Plaintiffs' civil rights under the Fourth and Fourteenth Amendments to the United States Constitution, primarily by wrongfully denying Plaintiffs their familial liberty interests.

On December 3, 2012, Palumbo filed the Motion. On December 19, 2012, Plaintiffs filed a Resistance (docket no. 9). On December 27, 2012, Palumbo filed a Reply (docket no. 10). None of the parties request oral argument on the Motion and the court finds that oral argument is unnecessary. The Motion is fully submitted and ready for decision.

# III. SUBJECT MATTER JURISDICTION

The court has federal question jurisdiction over Plaintiffs' claims against Palumbo, which arise under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

# IV. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007));

*accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl.*, 550 U.S. at 556).

Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 677-78 (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*, 550 U.S. at 555). "Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

In determining whether a plaintiff has stated a claim sufficient to survive a Rule 12(b)(6) motion to dismiss, "'[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.'" *Illig v. Union Electric Co.*, 652 F.3d 971, 976 (8th Cir. 2011) (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)).

## V. FACTUAL BACKGROUND

Spencer, L.C., D.S., S.S., J.S. and K.S. are residents of Cedar Rapids, Iowa. Plaintiffs seek relief against Palumbo. Palumbo is a resident of Cedar Rapids, Iowa. At

3

times relevant to the instant action, Palumbo was a case worker with the Iowa Department of Human Services ("DHS") and was involved in juvenile court proceedings.

Spencer is the mother of L.C., born in August 1996; D.S., born in September 1997; S.S., born in August 1999; J.S., born in October 2000; and K.S, born in April 2002. Between July 2005 and August 2010, DHS engaged in six child abuse assessments regarding one or more of Spencer's minor children. These assessments resulted in DHS's findings of sexual abuse, physical abuse, denial of critical care, lack of supervision and failure to provide adequate shelter. On February 14, 2008, Spencer stipulated that her children were in need of assistance. On October 18, 2010, a juvenile court ordered the children be removed from Spencer's care because of "the unsafe and unsanitary condition of the family home, instability of the mother's mental health, deficits in the mother's parenting skill and poor decision making by the mother regarding her adult relationships." Sealed Exhibits to the Motion (docket no. 8-1) at 1. On July 7, 2011, an Assistant Linn County Attorney filed a petition in the District Court for Linn County, Iowa to terminate Spencer's parental rights. On October 31, 2012, a juvenile court held a final termination hearing.

## VI. ANALYSIS

### A. Abstention

#### 1. Parties' arguments

In the Motion, Palumbo argues that the court should dismiss Plaintiffs' claims under the *Younger*[1] abstention doctrine. Palumbo contends that the *Younger* abstention doctrine applies because: (1) there is an ongoing termination of parental rights case pending in state court; (2) the ongoing state court proceedings involve important state interests; and (3) "[a]ll of the constitutional issues raised by Plaintiffs in their § 1983 claim can be addressed in the juvenile court proceedings." Brief in Support of the Motion (docket no. 6-1) at 6.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

4

Plaintiffs argue that the court should deny the Motion "because the issues to be decided by [the] [c]ourt will not interfere with the pending juvenile court action" and, therefore, the *Younger* abstention doctrine does not apply. Brief in Support of Resistance (docket no. 9-1) at 4 (emphasis omitted). Plaintiffs contend that, "at most, the instant case should be stayed, not dismissed." *Id.* at 7.

### 2. *Applicable law*

"[F]ederal courts lack the authority to abstain from the exercise of jurisdiction that has been conferred." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989). "Underlying [this] assertion[] is the undisputed constitutional principle that Congress, and not the Judiciary, defines the scope of federal jurisdiction within the constitutionally permissible bounds." *Id.* (citing *Kline v. Burke Constr. Co.*, 260 U.S. 226, 234 (1922)). However, under the *Younger* abstention doctrine, "federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). "The *Younger* doctrine . . . reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979). The United States Supreme Court has "identified several factors that should lead to abstention under *Younger*: (1) the existence of an ongoing state judicial proceeding, (2) which implicates important state interests, and (3) which provides an adequate opportunity to raise constitutional challenges." *Aaron*, 357 F.3d at 774 (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

### 3. *Application*

The court finds that the three factors discussed above are present in the instant action. First, Plaintiffs filed the Complaint approximately two weeks prior to the date that

5

the juvenile court held the final termination of parental rights hearing and, thus, an ongoing termination of parental rights case was pending in state court when Plaintiffs filed their § 1983 claims against Palumbo. Second, the termination of parental rights proceeding in state court implicates important state interests. Finally, Plaintiffs, even if not required to do so, had an adequate opportunity to address Palumbo's alleged violation of their constitutional rights in the state court proceeding.

However, contrary to Palumbo's assertion, the proper disposition of Plaintiffs' claims is not dismissal but, rather, a stay pending resolution of the parental status issue by the state court. In cases where the plaintiff seeks equitable forms of relief, *Younger* contemplates outright dismissal, but in cases "where damages are sought in the federal suit, the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention." *Night Clubs Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 481 (8th Cir. 1998). In the instant case, Plaintiffs seek damages. Abstention principles require the court to stay the instant action rather than dismiss it.[2] *Id*. Thus, the court denies the Motion insofar as it requests the court dismiss Plaintiffs' claims based on the *Younger* abstention doctrine. In light of this finding, the court will proceed to address Palumbo's contention that she is immune from Plaintiffs' claims.

### B. Qualified Immunity

#### 1. Parties' arguments

In the Motion, Palumbo argues that her actions throughout the course of the child in need of assistance proceedings did not violate Plaintiffs' clearly established constitutional rights and, thus, she is entitled to qualified immunity. Palumbo contends that "the Iowa juvenile court has already determined that Plaintiffs['] right to familial

---

[2] The most recent update regarding the status of the termination of parental rights proceeding in state court comes from the parties' December 2012 filings. The court notes that, if the pending state court proceeding is resolved, a stay would be unnecessary.

integrity is outweighed by the need to protect the children involved in the proceeding[s]." Brief in Support of the Motion at 12. Thus, Palumbo argues that the court should dismiss the case.

Plaintiffs argue that the court should deny the Motion because Plaintiffs sufficiently pleaded that Palumbo violated Plaintiffs' clearly established constitutional rights under the Fourth and Fourteenth Amendments and, therefore, Palumbo is not entitled to qualified immunity.

### 2. *Applicable law*

Section 1983 provides a civil cause of action against any person who, under color of state law, causes a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages [in a § 1983 action] insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

"Qualified immunity is not just a defense to liability, it constitutes immunity from suit." *Hanig v. Lee*, 415 F.3d 822, 824 (8th Cir. 2005) (citing *Saucier v. Katz*, 533 U.S. 194, 200 (2001)), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). The doctrine developed to "ensure that insubstantial claims against government officials [will] be resolved prior to discovery." *Pearson*, 555 U.S. at 231 (alteration in original) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)) (internal quotation marks omitted). Accordingly, the issue of qualified immunity should be addressed "at the earliest possible stage in the litigation." *Schatz Family ex rel. Schatz v. Gierer*, 346 F.3d 1157, 1160 (8th Cir. 2003) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

"To overcome the defense of qualified immunity, a plaintiff must show: (1) the

7

facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Howard v. Kan. City Police Dep't*, 570 F.3d 984, 988 (8th Cir. 2009). "'[C]learly established' means '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012) (second alteration in original) (quoting *Anderson*, 483 U.S. at 640). "In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Reichle v. Howards*, ___ U.S.___, ___, 132 S. Ct. 2088, 2093 (2012) (quoting *Ashcroft v. al-Kidd*, 563 U.S. ___, ___, 131 S. Ct. 2074, 2083 (2011)). "This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201.

"The Supreme Court has recognized a liberty interest which parents and children have in the care and companionship of each other." *Myers v. Morris*, 810 F.2d 1437, 1462 (8th Cir. 1987) (citing *Lehr v. Robertson*, 463 U.S. 248, 258 (1983)), *abrogated in part by Burns v. Reed*, 500 U.S. 478 (1991). However, "[t]he liberty interest in familial relations is limited by the compelling governmental interest in [the] protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves." *Id*. The right to family integrity does not include the right to be free from child abuse investigations. *Manzano v. S.D. Dep't of Soc. Servs.*, 60 F.3d 505, 510 (8th Cir. 1995).

In *Schatz Family v. Franklin County, MO, Division of Family Services*, 422 F.3d 655 (8th Cir. 2005), the Eighth Circuit Court of Appeals affirmed the district court's holding that the defendants were entitled to qualified immunity when the "complaint's allegations that the defendants either wrongfully approved, made erroneous conclusions, manipulated investigations, threatened to remove the children, or failed to follow the

parents' instructions did not allege violations of clearly established constitutional rights." *Id.* at 658.

### 3. *Application*

The court finds that Palumbo is entitled to qualified immunity because Plaintiffs fail to allege that Palumbo violated a clearly established constitutional right.

Plaintiffs' primary allegations are that Palumbo violated their constitutional rights under the Fourth and Fourteenth Amendments "through various inappropriate and unlawful actions during the course of investigations and services provided by her," including: attempting to thwart reunification; interfering with Spencer's counseling; sharing confidential information with the children; and misrepresenting, to the parties and the court, the children's wishes and the reasons behind Palumbo's failure to complete home studies. Brief in Support of Resistance at 5. In support of their claim that Palumbo violated their clearly established rights, Plaintiffs argue the following:

> Ms. Palumbo acknowledges that parents have a liberty interest in familial relationships. It is also clear that the "deliberate falsification of evidence" in an investigation violates constitutional rights. *See Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1115 (9th Cir. 2010). Finally, violation of various DHS and case worker licensing statutes and rules by individuals can result in constitutional violations.

*Id.* at 10.

The court finds that Palumbo's actions do not amount to a violation of Plaintiffs' clearly established constitutional rights. Plaintiffs first argue that Palumbo violated their "liberty interest in familial relationships." *Id.* As noted above, a parent's liberty interest in the care and custody of her child under the Fourteenth Amendment is limited by the state's interest in ensuring the child's well-being. *See Manzano*, 60 F.3d at 511 ("[W]hen a state official pursuing a child abuse investigation takes an action which would otherwise unconstitutionally disrupt familial integrity, he or she is entitled to qualified immunity, if

9

such action is properly founded upon a reasonable suspicion of child abuse."). It is undisputed that DHS became involved in Plaintiffs' lives as a result of the abuse and neglect of one or more of Spencer's children. After Spencer stipulated that her children were in need of assistance, Palumbo, on behalf of DHS, investigated, over the course of several years, whether it was in the children's best interests to remain in Spencer's care and custody. In this context, Plaintiffs' liberty interest in a familial relationship is not clearly established.

Plaintiffs next contend that the Ninth Circuit Court of Appeals' decision in *Costanich*, 627 F.3d 1101, supports their claim that Palumbo violated a clearly established right when she provided false information to the parties and the juvenile court. In *Costanich*, the district court held, and the Ninth Circuit affirmed, that a social worker was entitled to qualified immunity when the plaintiff, a foster parent, failed to identify a clearly established right violated by the social worker. *Id.* at 1115-16. The plaintiff alleged that the social worker fabricated evidence in child abuse investigations and made false declarations to the court. *Id.* at 1110. The Ninth Circuit found that this allegation did not identify a right that was clearly established "when the conduct at issue . . . occurred." *Id.* at 1116. However, the Ninth Circuit held that, "going forward, reasonable government officials are on notice that deliberately falsifying evidence in a child abuse investigation and including false evidentiary statements in a supporting declaration violates constitutional rights where it results in the deprivation of liberty or property interests, be it in a criminal or civil proceeding." *Id.* at 1115.

The court finds that, even in light of *Costanich*, the law regarding the misrepresentation of information in child in need of assistance proceedings was not clearly established in the Eighth Circuit at the time of Palumbo's alleged wrongful conduct. Plaintiffs do not cite any controlling authority from the Eighth Circuit to support their argument and a single case from the Ninth Circuit does not support a finding of a clearly

established right. *See Wilson v. Layne*, 526 U.S. 603, 617 (1999) ("Petitioners have not brought to our attention any cases of controlling authority in their jurisdiction at the time of the incident which clearly established the rule on which they seek to rely, nor have they identified a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful.").

Furthermore, even if *Costanich* were controlling in the Eighth Circuit, the court notes that the types of misrepresentations made by the defendant in *Costanich* differ substantially from those Palumbo allegedly made. In *Costanich*, the Ninth Circuit found that there were genuine issues of material fact regarding whether the social worker deliberately fabricated evidence of child abuse. *Costanich*, 627 F.3d at 1112. The plaintiff provided evidence that the social worker misrepresented the statements of witnesses and lied about the number of witnesses interviewed. *Id*. In the instant action, Spencer stipulated that her children were in need of assistance and Plaintiffs do not dispute DHS's findings of abuse and neglect prior to the removal of the children on October 18, 2010. Plaintiffs' allegations that Palumbo "misrepresented the true wishes and desires of the child" and falsely claimed "that the failure of potential placement families to return phone calls prevented her from completing Court ordered home studies," Complaint at 3, do not amount to a deliberate fabrication of evidence of child abuse as alleged in *Costanich*.

Plaintiffs also claim that the "violation of various DHS and case worker licensing statutes and rules by individuals can result in constitutional violations." Brief in Support of Resistance at 10. The court finds this argument unpersuasive. In *Ebmeier v. Stump*, 70 F.3d 1012 (8th Cir. 1995), the Eighth Circuit held that a social worker's deviation from a court-approved reunification plan does not violate a parent's constitutional rights. *Id*. at 1013. The Eighth Circuit noted that "violations of state laws, state-agency regulations, and, more particularly, state-court orders, do not by themselves state a claim under 42

U.S.C. § 1983." *Id.*

Plaintiffs provide no further authorities, and the court knows of none, to support their contention that Palumbo violated their clearly established rights under the Fourth and Fourteenth Amendments. Thus, the court finds that, in light of the specific context of this case, including Spencer's stipulation that her children were in need of assistance, DHS's ongoing investigation and Palumbo's alleged wrongful conduct, Plaintiffs fail to sufficiently allege that Palumbo violated their clearly established constitutional rights. Therefore, Palumbo is entitled to qualified immunity for her conduct throughout the course of the child in need of assistance investigations and proceedings and the court shall dismiss the Complaint on this ground.[3]

## VII. CONCLUSION

In light of the foregoing, Defendant Laura Palumbo's "Motion to Dismiss" (docket no. 6) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Laura Palumbo.

**IT IS SO ORDERED.**

**DATED** this 5th day of June, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[3] As the court finds it appropriate to dismiss the Complaint because Palumbo is entitled to qualified immunity, the court need not determine which, if any, of Palumbo's actions were protected under the doctrine of absolute immunity.